UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 4:25-cr-00495 |
| | § | |
| DEMPSEY SPEARS, | § | UNDER SEAL |
| | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Aaron F. Reitz, United States Attorney for the Southern District of Texas; and Kathryn Olson, Assistant United States Attorney; and Defendant, Dempsey Spears ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreements

1.      Defendant agrees to plead guilty to Count One of the Indictment and to persist with that plea of guilty through sentencing.  Count One charges Defendant with health care fraud, in violation of Title 18, United States Code, Section 1347.  Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment proven to a jury or a judge beyond a reasonable doubt.

### Punishment Range

2.      The **statutory** maximum penalty for violation of Title 18, United States Code, Section 1347, is a term of imprisonment of not more ten years and a fine of not more than $250,000, or twice the gain or loss from the crime.  Additionally, Defendant shall receive a term of supervised release after imprisonment of up to three years. *See* 18 U.S.C. §§ 3559(a)(3), 3583(b)(2).

1

Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for no more than two years, without credit for time previously served on post-release supervision. *See* 18 U.S.C. §§ 3559(a)(3), 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.     Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Exclusion from Federal Health Care Programs

5.     Defendant understands and acknowledges that as a result of this plea, Defendant

2

will be excluded from participating in all federal healthcare programs, including the Medicare and Medicaid Programs ("Medicare" and "Medicaid," respectively). Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to, the United States Department of Health and Human Services, to effectuate this exclusion within sixty days of receiving the documents. This exclusion will not affect Defendant's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

### Cooperation

6.      Should the Defendant seek to provide substantial assistance to authorities, as contemplated by Section 5K1.1 of the United States Sentencing Guidelines, the Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should the Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a § 5K1.1 motion. In seeking such a motion, the Defendant agrees to fully cooperate with the United States. The Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

7.      The Defendant understands and agrees that the usage "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to Defendant—including, but not limited to, health care fraud and violations of the anti-kickback statute. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

> (a)      Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so

3

by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

(b)    Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(c)    Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(d)    At the Government's specific request, Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(e)    Should the recommended departure, *if any*, not meet Defendant's expectations, Defendant understands that he remains bound by the terms of this Plea Agreement and that he cannot, for that reason alone, withdraw his plea.

**Waiver of Appeal and Collateral Review**

8.    Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this Plea Agreement and seek specific performance of these waivers.

4

9.     Defendant also agrees that should the conviction following Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

10.     In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction and not a promise; did not induce his guilty plea; and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated Guidelines range.

11.     Defendant understands and agrees that each and all waivers contained in this Plea Agreement are made in exchange for the concessions made by the United States in this Plea

Agreement.

## The United States' Agreements

12. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges he/she is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law; and

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding – Southern District of Texas Only

13. The United States Attorney's Office for the Southern District of Texas agrees that they will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney or any other component of the Department of Justice. The United States Attorney's Office for the Southern District of Texas will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

14. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right to:

(a) Bring its version of the facts of this case, including evidence in the files of the United States Department of Justice, Criminal Division, Fraud Section

6

or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     Set forth or dispute sentencing factors or facts material to sentencing;

(c)     Seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     File a pleading relating to these issues, in accordance with Section 6A1.2 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)     Appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

15.     Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to be run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

16.     Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that the rights of a defendant

7

include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses, and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. But if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

17.    Defendant is pleading guilty because he <u>is</u> in fact guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

From in or around 2016 and continuing through in or around 2024, in the Southern District of Texas and elsewhere, in connection with the delivery of, and payment for, health care benefits, items, and services, the Defendant did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Medicare, a health care benefit program as defined in Title 18, United States Code, Section 24(b), by submitting and causing the submission of false and fraudulent claims to Medicare, for purported items and services that were not provided and/or not provided as billed.

8

Spears Community Services ("SCS") was a mental health services provider located in Mesquite, Texas and enrolled in Medicare. Transitional Life Counseling and Consultation ("TLCC") was a mental health services provider located in Texas City, Texas and enrolled in Medicare. Defendant was the owner and operator of SCS and TLCC. Defendant operated SCS from approximately 2015 to 2019 and TLCC from approximately 2008 until 2025. Defendant caused Medicare to electronically transfer funds into bank accounts controlled by Defendant as payment on fraudulent claims.

From in and around January 2016 through May 2024, Defendant submitted and caused to be submitted fraudulent claims to Medicare for mental health services purportedly provided by Licensed Clinical Social Workers ("LCSWs"), at various times, after they had terminated their employment with SCS or TLCC, without the knowledge or consent of the LCSWs, and which were not provided and/or not provided as billed. Defendant also submitted claims to Medicare for individuals who were deceased at the time SCS or TLCC submitted claims to Medicare for purportedly providing mental health services.

Specifically, as to a claim ending ***0185, on or about October 19, 2020, Defendant submitted a false and fraudulent claim to Medicare for mental health services, with dates of services from September 30, 2019 through October 4, 2019, that were not provided, even though they were billed to Medicare as if they had been provided by K.B. In actuality, K.B. had left Defendant's employment on September 17, 2019, so K.B. could not have provided these services. For this claim, Defendant fraudulently billed Medicare approximately $670.10 and was paid $98.20.

9

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for Defendant's guilty plea to the charge against him. It does not include all the facts known concerning criminal activity in which he and others engaged.

### Breach of Plea Agreement

18.     If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Monetary Penalties, Assets, and Financial Disclosures

19.     Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to Defendant may be applied to federal debts.

20.     Defendant understands that forfeiture and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of fines. Subject to the provisions of paragraph 8 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any forfeiture orders and any fines.

10

### Restitution

21.     Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

### Financial Statement

22.     Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

23.     Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

11

## Complete Agreement

24.    This written Plea Agreement, consisting of 14 pages, including the Plea Agreement Addendum, constitutes the complete agreement between the United States, Defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

25.    Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _July 10_, 2026.

_____
Defendant

Subscribed and sworn to before me on _July 10_, 2026.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

AARON F. REITZ
United States Attorney

By: _____
Kathryn Olson
Assistant United States Attorney
Southern District of Texas

_____
Darryl Austin
Attorney for Dempsey Spears

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **Criminal No. 4:25-cr-495** |
| | § | **UNDER SEAL** |
| DEMPSEY SPEARS, | § | |
| | § | |
| Defendant. | § | |

## PLEA AGREEMENT ADDENDUM

I have fully explained to Defendant his rights with respect to the Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines that may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the Court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

_____
Darryl Austin
Attorney for Defendant

_7/10/26_
Date

13

14

I have consulted with my attorney and fully understand all my rights with respect to the Information against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual that may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Plea Agreement, and I voluntarily agree to its terms.

_____
Dempsey Spears
Defendant

_____7/10/26_____
Date

14